UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
HECTOR RODGERS,

|  |  |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| -against- | 14 CV 1942 (MKB) (RML) |

THE CITY OF NEW YORK,
POLICE OFFICER DAVID SICILIANO (SHIELD 19558),      **JURY TRIAL**
SERGEANT JOSE DESCHAMPS (SHIELD2706), and      **DEMANDED**
and JOHN DOES 1-8,
                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff, Hector Rodgers, by his attorneys, Reibman & Weiner, as and for his

Complaint, hereby alleges as follows, upon information and belief:

**PARTIES, VENUE and JURISDICTION**

1.      At all times hereinafter mentioned, plaintiff, Hector Rodgers, was an adult

male resident of Kings County, in the State of New York.

2.      At all relevant times hereinafter mentioned, defendant, City of New York

("New York City"), was and is a municipal corporation duly organized and existing under and by

virtue of the laws of the State of New York and acts by and through its agencies, employees and

agents, including, but not limited to, the New York City Police Department ("NYPD"), and their

employees.

3.      At all relevant times hereinafter mentioned, OFFICER DAVID

SICILIANO (SHIELD 19558), was an adult male employed by the City of New York as a

member of the NYPD, assigned to the 75th Precinct of the NYPD.  Defendant Siciliano is sued

herein in his official and individual capacities.

1

4.      At all relevant times hereinafter mentioned, SERGEANT JOSE DESCHAMPS (SHIELD2706), was an adult male employed by the City of New York as a member of the NYPD, assigned to the 75th Precinct of the NYPD.  Defendant Deschamps is sued herein in his official and individual capacities.

5.      At all relevant times hereinafter mentioned, defendants, John Does 1-8, were adult males employed by the City of New York as members of the NYPD, whose identities are currently unknown to plaintiff.  The Doe defendants are sued herein in their official and individual capacities.

6.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7.      Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

8.      That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

9.      At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

10.      That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

**RELEVANT FACTS**

11.      On December 15, 2013 (the "Date of the Arrest"), at about 4:00 p.m., plaintiff, Hector Rodgers, was lawfully present inside of 724 Wortman Avenue, Apartment 2,

2

County of Kings, City and State of New York (the "Scene of the Arrest").

12.     Plaintiff, along with several other individuals, was lawfully present inside of Apartment 2 as the guest of a friend.

13.     At this time, the defendants, including defendants Siciliano and Deschamps, arrived and forcibly entered Apartment 2 with guns drawn.  The defendants then stormed into the premises, seizing the plaintiff and the other occupants and at gunpoint.

14.     Plaintiff was not engaged in any unlawful or suspicious activity and he complied with the defendants' requests.

15.     Although there was no legal basis to detain or seize the plaintiff, defendants placed the plaintiff in handcuffs, and searched him.  The search yielded no evidence of guns, drugs or contraband.

16.     Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants formally arrested plaintiff and the other occupants of the apartment

17.     Upon information and belief, the individual defendants searched the Scene of the Arrest.

18.     The search yielded no evidence of any guns, drugs, or contraband.

19.     Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants formally arrested him.

20.     The decision to arrest plaintiff was objectively unreasonable under the circumstances.

21.     The defendants were not invited into the premises nor was their entry consented to by any individual authorized to so consent.

3

22.     There were no exigent circumstances present that would permit defendants to enter the premises absent a warrant or invitation.

23.     The defendants did not display a warrant to justify their entry into the premises and refused to produce one after the plaintiff asked while the parties were inside the premises.

24.     The plaintiff was then transported to a local police precinct, where he was held for a number of hours before he was sent to Kings County Central Booking, where he was held in custody for an additional period of many hours.

25.     The Kings County District Attorney's Office declined to charge the plaintiff with any criminal wrongdoing and he was eventually summarily released from custody without explanation and without being charged..

26.     Upon information and belief, all of the other individuals who were arrested with plaintiff were released without ever being charged and none of the individuals arrested were ever criminally charged in connection with this arrest.

27.     At no time did defendants have a legal basis to enter the premises or search anywhere within the premises, nor was it reasonable for the defendants to believe that such a basis existed.

28.     At no time did defendants have probable cause to seize, detain or arrest plaintiff, nor was it reasonable for the defendants to believe that such cause existed.

29.     At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

4

30.     That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

31.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

32.     The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

33.     The individual defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

34.     By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, excessive force, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

35.     By reason thereof, the individual defendants have violated  42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

36.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

37.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

38.     Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

39.     The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

40.     All of the acts and omissions by the individual defendants described above

6

were carried out pursuant to overlapping policies and practices of the municipal defendant in

their capacities as police officers and officials pursuant to customs, policies, usages, practices,

procedures and rules of the City and the NYPD, all under the supervision of ranking officers of

the NYPD

    41.    The aforementioned customs, practices, procedures, and rules of the City

and the NYPD include, but are not limited to, the following unconstitutional practices:

    a.    Using excessive force on individuals, including but not limited to
those who have already been handcuffed;

    b.    Failing to supervise, train, instruct and discipline police officers
and encouraging their misconduct;

    c.    Discouraging police officers from reporting the corrupt or unlawful acts of other
officers;

    d.    Retaliating against officers who report police misconduct; and

    e.    Failing to intervene to prevent the above-mentioned practices when such
intervention is reasonably available.

    42.    The existence of aforesaid unconstitutional customs and policies may be

inferred from repeated occurrences of similar wrongful conduct, as documented in the following,

non-exhaustive list of civil actions:

    a.    *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    b.    *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

    c.    *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

    d.    *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    e.    *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

    f.    *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.);

g. *Carmody* v. *City of New York,* 05-CV-8084 (HB) (SDNY);

h. *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

i. *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

j. *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

k. *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

l. *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

m. *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

n. *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

o. *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

p. *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

q. *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

r. *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);  and

s. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.).

43.    In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

44.    Furthermore, more than half the time that the Civilian Complaint Review

Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

45.    It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

46.    By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### THIRD CAUSE OF ACTION

47.    Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

48.    Plaintiff was subjected to false arrest, false imprisonment, and excessive force by the defendants.

49.    At no time did defendants have any legal basis for arresting or imprisoning plaintiff, commencing criminal process, or using physical force against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

50.    The defendants are therefore liable to plaintiff for false arrest, false imprisonment, and excessive force.

51.    By reason thereof, defendants have caused plaintiff to suffer emotional and

physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i.      On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii.     On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii.    On the Second Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

iv.     On the Third Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

v.      On the Third Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

vi.     On the Third Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

vii.    Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

viii.   such other relief as the Court deems just and proper.

Dated:      Brooklyn, New York
            August 21, 2014

                                By:              /s/
                                        Jessica Massimi, Esq. (JM - 2920)
                                        Reibman & Weiner
                                        Attorneys for Plaintiff
                                        26 Court Street, Suite 1808
                                        Brooklyn, New York 11242
                                        (718) 522-1743